## MARTIN v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 5, 1934

John Ruffalo, Youngstown, and C. J. Wall, Youngstown, for plaintiff in error.

Verne Thomas, for defendant in error.

## OPINION

By ROBERTS, J.

The evidence discloses substantially as follows: That on the night of the 27th day of December, 1931, plaintiff was proceeding southerly along the easterly sidewalk on Market Street in front of the Westminster Church, and that when he had reached a point within a few feet of the steps which lead up to the office of the church, which are some little distance north of the steps leading to the main entrance to the church, he received a sensation of his heel having dropped into a depression or hole, that he fell and that is about the last he remembers or knows of what happened. He didn't see the place where he fell. He does not know what the condition of the walk was at that time or place. He lay there unconscious, or partially unconscious, for some little time, and was observed by two passers-by, Sam Sheslin and Edward Lohengrin, who stopped and examined him, and discovering that he was injured, and perhaps practically helpless, called the police station and some vehicle was sent over and he was removed to the hospital. These men did not know the occasion of his falling. They did not observe the condition of the sidewalk, or know whether there was any defect or depression therein. The accident occurred in mid winter. The witnesses do not now recall whether it was raining or snowing, or what the weather actually was. As tending to determine, in any event, whether the walk was defective or not, a niece of the plaintiff, Sarah Waldman, learning of the accident to her uncle the next morning, on the day following the accident went to the place where she had understood the accident had occurred. It had occurred about eleven or eleven-forty-five in the evening.

It may now be suggested that the evidence indicates that the street was quite well lighted in this immediate vicinity, and near this smaller set of steps she discovered, as she testifies, a depression or break

in the concrete walk a little towards the curb and a little south of these steps, which, as her testimony is recalled, was some fifteen or sixteen inches long and a few inches in width, and perhaps two and a half or possibly three inches thick. Two other young ladies, who were friends of Sarah Waldman's, and who had heard the story of Mr. Martin's injury, subsequently visited this locality. They were a Miss Himmel and Miss Waldman. They testified to having seen a condition substantially as testified to by Miss Waldman. One of these witnesses, I think the second young lady, who testified, also told of having observed a condition in the sidewalk some little time, perhaps several months, previous to this accident, tending to indicate constructive notice on the part of the city of this condition. A witness, G. O. Mc-granahan, who made pictures which are in the case, also testified as to the location and size of the depression or break in the walk, which as indicated by the picture, was somewhat right angular in shape. That was where four blocks of concrete same together. There was a break extending around the corner and a crumbling off of three of the four blocks which met at that point.

For the city, William H. Parker testified that he was and had been for several years custodian of this church, that he frequently visited the church, that he was there daily, and about once in every three days in the winter season he swept the snow off from the walk. His testimony was to the effect that there was no such a condition as testified to by plaintiff's witnesses, but that there was a slight inequality in the elevation of two blocks of concrete, and perhaps a little crumbling off of the substance, making a crack of perhaps a quarter of an inch or a little more, possibly in width. This opening, or however it may be designated, was usually filled with dirt and not very observable.

J. W. Johnson also testified. He was some sort of an inspector for the city, whose duty it was to investigate reports of accidents, and he subsequently made an examination and his testimony is substantially the same as that of Parker, that there was only a quite small crack, perhaps a little crumbling of stone on one side a little higher than the other.

That, with the pictures, constitute substantially the evidence in this case. It will be recalled that the plaintiff himself does not know what caused his fall. He simply had a sensation of his heel going down. Wherever the accident may have happened, the spot is variously called a depression or hole in the walk. He felt a sensation as if there was some depression, that his heel went down lower than he anticipated it would, going into the ground, whereby he received injuries of considerable severity. The two men who took him away made no observation. They did not know what it was caused his fall. The other testimony was of the young ladies as to what they saw. This is contradicted by Johnson and Parker, who testified for the city, so that there is a decided variance in the testimony as between the respective sides as to what this defect may have consisted of, whether its condition indicated negligence, whether it should have been considered as a nuisance, which it was the duty of the city to protect the passers by against or not, was a disputed question. It was determined by the jury in favor of the defendant city, and this court, after careful consideration of the evidence, which is the only issue submitted, we are not able to say that the verdict was against the decided or manifest weight of the evidence, and without so concluding we would have no right to reverse the case.

The conclusion is thus arrived at that the judgment of the Court of Common Pleas should be and is affirmed.

Judgment affirmed.

LYNCH and SMITH, JJ, concur in the judgment.